## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | |
|---|---|
| RONALD V. THIGPEN, | § |
| | § |
| Plaintiff, | § |
| | §   CIVIL ACTION NO. |
| v. | § |
| | § |
| RCI HOSPITALITY HOLDINGS, | § |
| INC., RCI MANAGEMENT | § |
| SERVICES, INC., JAI DINING | § |
| SERVICES (LUBBOCK), INC., | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S COMPLAINT

## I. PARTIES

1. Ronald V. Thigpen ("Thigpen" or "Plaintiff") is a resident of Lubbock County, Texas.

2. Defendant, RCI Hospitality Holdings, Inc. ("RCI Hospitality") is a corporation with its principal place of business in Houston, Texas. RCI Management Services, Inc. ("RCI Management") and JAI Dining Services

(Lubbock), Inc. ("JAI") are Texas Corporations and are wholly owned subsidiaries of RCI Hospitality.  Jaguars Lubbock is recorded in Texas as an "Assumed Name" owned by JAI and is a restaurant and bar which provides adult entertainment to its patrons.

3.  Defendants are employers as that term is defined in 38 U.S.C. §4303(4)(A).

## II.  JURISDICTION

4.  This Court has federal question jurisdiction here since this case arises under the provisions of the Uniformed Services Employment & Reemployment Rights Act 38 U.S.C. § 4301 *et seq* ("USERRA").  *See*, 38 U.S.C. § 4323 (b)(3); 28 U.S.C. § 1331.

## III.  VENUE

5.  Venue is proper in this Court as the events and actions about which Plaintiff complains all occurred in Lubbock, Texas.  See 28 U.S.C. § 1391(b)(2).

## IV.  FACTS

6.  In late February, 2017 Thigpen responded to an ad and applied for a job as a manager of Defendants' Jaguars Club located in Lubbock, Texas.

7.  Shortly after he applied for the position, Thigpen was interviewed by the club's General Manager Chris Rivera ("Rivera").  During the interview he was

told that the salary was negotiable so he asked for $800 to $900 per week plus a potential bonus of $1,000 a week.  Rivera told him that would not be a problem.

8.  Thigpen serves in the Naval Reserve.  His military obligation requires him to serve one weekend per month and two weeks per year.  During the interview Thigpen disclosed his military/Reserve obligations to Rivera.

9.  The interview went well and Rivera told Thigpen to check back with him in a week.

10.  Plaintiff contacted Rivera on a couple of occasions to ask about the status of his application. On March 14, 2017, Rivera responded with a text message which reads in part that his boss, Regional Manager, Nicolai Orcutt was not happy that Thigpen was in the Naval Reserve.  He added that Plaintiff would, "most likely" not be hired "for that reason."  A copy of the text message is attached to this Complaint as Exhibit A and is incorporated herein.

11.  Thigpen was not hired by Defendants.

## V.  CAUSES OF ACTION

12.  Plaintiff's service in the Naval Reserve was "a motivating factor" in Defendants' refusal to hire Plaintiff.

13.  Defendants' refusal to hire Thigpen violated USERRA, 38 U.S.C. §4311(a).

## VI.  DEMAND FOR JUDGMENT

14.  Plaintiff demands that judgment be issued in his favor and requests:

A) That this Court determine that Defendants discriminated against Thigpen by not hiring him because of his military obligations, this in violation of USERRA, 38 U.S.C. § 4311 and that the refusal to hire him constituted a willful violation of USERRA.

B) That this Court order Defendants to comply with the requirements of USERRA and cease discriminating against members of the uniformed services by refusing to hire them due to their service.

C) That this Court order Defendants to pay Plaintiff an amount to be calculated as and for all lost wages that he has suffered as a result of the refusal to employ him.

D) That this Court order Defendants to pay Plaintiff an additional amount equal to his loss of wages as liquidated damages.

E) That this Court order Defendants to pay Plaintiff his reasonable attorneys' fees, court costs, expert witness fees and other litigation expenses incurred in these proceedings.

F) That this Court grant such other and further relief, legal and equitable, as may be warranted.

## VII.  PRAYER

15. Plaintiff prays that Defendants be required to appear and answer this action, and that upon hearing or trial, that this Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally, and award Plaintiff all relief, both in law and equity, special and general, including attorneys' fees, costs, expert witness fees and other litigation expenses to which Plaintiff is entitled.

Respectfully submitted, this 19th day of October, 2017.

LUBIN & ENOCH, P.C.


by: /s/ Stanley Lubin, Esq.
STANLEY LUBIN
Texas State Bar No. 24049352
stan@lubinandenoch.com
NICHOLAS J. ENOCH
Texas State Bar No. 24042618
nick@lubinandenoch.com
JARRETT J. HASKOVEC
Texas State Bar No. 24053258
jarrett@lubinandenoch.com

221 N. Kansas Street, Suite 700
El Paso, Texas 79901
(915) 585-8008 (Phone)
(602) 626-3586 (Fax)

ATTORNEYS FOR PLAINTIFF
RONALD V. THIGPEN

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) F.R.Civ.Pro. Plaintiff demands that this matter be tried to a jury.

Respectfully submitted, this 19th day of October, 2017.

LUBIN & ENOCH, P.C.

by: /s/ Stanley Lubin, Esq.
STANLEY LUBIN
Texas State Bar No. 24049352
stan@lubinandenoch.com
NICHOLAS J. ENOCH
Texas State Bar No. 24042618
nick@lubinandenoch.com
JARRETT J. HASKOVEC
Texas State Bar No. 24053258
jarrett@lubinandenoch.com

221 N. Kansas Street, Suite 700
El Paso, Texas 79901
(915) 585-8008 (Phone)
(602) 626-3586 (Fax)

ATTORNEYS FOR PLAINTIFF
RONALD V. THIGPEN

F:\Law Offices\client directory\Thigpen\Pleadings\2017-10-19 (6082-001) Complaint.wpd